ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiffs
QUENETTE WALTON AND FRITZGERALD CHARLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENETTE WALTON, and FRITZGERALD CHARLES,<br><br>Plaintiffs,<br><br>vs.<br><br>BMW FINANCIAL SERVICES NA, LLC, and CARS RECOVERY, INC.,<br><br>Defendants. | Case No: 2:17-CV-7045<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(3) VIOLATIONS OF THE INDIANA UNIFORM COMMERCIAL CODE**<br><br>**(4) PROMISSORY ESTOPPEL**<br><br>**(5) CONVERSION** |

COMPLAINT

Plaintiffs Quenette Walton and Fritzgerald Charles hereby complain against defendants BMW Financial Services NA, LLC ("BMW Financial"), and CARS Recovery, Inc. ("CARS"), and allege as follows:

## OPERATIVE FACTS

1.  On December 29, 2014, plaintiffs purchased an automobile in Indiana primarily for personal or family use, and signed a retail installment sales contract with BMW of Schererville, in Schererville, Indiana, which gave the dealership a security interest in the vehicle. At the time, plaintiffs were both residents of Indiana. The contract recites that it will be governed by Indiana law.

2.  Defendant BMW Financial took assignment of the retail installment sales contract from the dealership. Plaintiffs moved to California. BMW Financial, either directly or through a third party repossession forwarder, hired defendant CARS to conduct a repossession of plaintiffs' vehicle in California.

3.  Defendant CARS repossessed plaintiffs' vehicle by trespassing into a secured and gated apartment complex, entering through the locked gate, without the owner's permission. Accordingly, defendant CARS breached the peace in conducting the repossession of plaintiff's vehicle, in violation of the UCC § 9-609, and in violation of the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

4.  After the repossession, defendant BMW Financial issued a notice of sale to plaintiffs which promised them they could reinstate their contract if they paid the past due amounts and the repossession fee within 20 days, or within 30 days if plaintiffs requested a ten day extension of time. Plaintiffs duly requested the ten day extension. However, when plaintiff Fritzgerald Charles called BMW Financial to reinstate the contract, BMW Financial denied plaintiffs the right to reinstate.

5.  Defendant BMW Financial sold plaintiffs' vehicle, and assessed them a deficiency balance of $31,895.50. BMW Financial then sent plaintiffs an explanation of the sale, which violated Indiana Code § 26-1-9.1-616(b)(1) and

(a)(1)(B) in the following ways:

    (a) in violation of Indiana Code § 26-1-9.1-616(c)(1), the notice did not specify a date on which the the aggregate amount of obligations secured by the security interest was calculated;

    (b) in violation of Indiana Code § 26-1-9.1-616(c)(3), the notice did not disclose the subtotal of obligations owed, after deducting the amount of sales proceeds;

    (c) in violation of Indiana Code § 26-1-9.1-616(c)(5), the notice disclosed the types and amounts of expenses which plaintiffs were being charged before the amount of proceeds of the disposition;

    (d) in violation of Indiana Code § 26-1-9.1-616(a)(1)(C), the notice did not disclose that future debits, credits, and charges, including additional credit service charges or interest, rebates, and expenses, may affect the amount of the surplus or deficiency.

## JURISDICTION AND VENUE

6. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Central District of California because the repossession occurred here, and defendant CARS is headquartered in Arcadia, California. All defendants are doing business in, and are subject to the court's personal jurisdiction in this district.

## PARTIES

8. Plaintiffs are both natural persons, over the age of 18 years, and are residents of the state of Texas.

9. Defendant CARS Recovery, Inc. is a California corporation, headquartered in Arcadia, California.

10. Defendant BMW Financial Services NA, LLC is a Delaware limited

liability company with its headquarters in New Jersey, and doing business in Los Angeles county.

11. Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

**FIRST CAUSE OF ACTION**
**(Against Defendant CARS for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

12. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

13. Plaintiffs are both "consumers" who allegedly owed a "debt", and defendant CARS is a "debt collector," as those terms are defined at 15 U.S.C. § 1692a. Defendant CARS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

14. Defendant CARS violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

15. Plaintiffs are entitled to any actual damages sustained by them as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

16. Plaintiffs are entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k. Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA. The nature of defendants' violations justifies the maximum statutory damages award available.

17. Plaintiffs are entitled to the costs of the action, together with a

3

COMPLAINT

reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant CARS for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

18. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

19. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

20. Plaintiffs are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

21. Defendant CARS was at all times relevant herein a "debt collector" within the meaning of Civil Code § 1788.2(c), in that it regularly and in the ordinary course of business, on behalf of itself or others, engages in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

22. Defendant CARS violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiffs. CARS violated Bus. & Prof. Code § 7502.1(a), a misdemeanor, by violating Bus. & Prof. Code § 7508.2(d). CARS also committed criminal trespass, in violation of Penal Code § 602(n).

23. Defendant CARS violated Civil Code § 1788.17, incorporating by

4

reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

24. As a proximate result of CARS' violations of the Rosenthal Act, plaintiffs have been damaged in amounts which are subject to proof. Plaintiffs are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

25. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiffs are entitled to recover statutory damages of $1,000 pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

26. Plaintiffs are entitled to recover their attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against Defendant BMW Financial for Violations of the Indiana UCC)**

27. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

28. Defendant BMW Financial violated Indiana Code § 26-1-9.1-609(b)(2) by repossessing plaintiffs' vehicle in breach of the peace.

29. Defendant BMW Financial violated Indiana Code § 26-1-9.1-616, as alleged above.

30. Plaintiffs are entitled to recover their actual damages caused by defendant's failure to comply with the Uniform Commercial Code, pursuant to Indiana Code § 26-1-9.1-625(b) and (c)(1).

31. Plaintiffs are entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Indiana Code § 26-1-9.1-625(c)(2).

5

32. Defendant BMW Financial is not entitled to collect a deficiency balance from plaintiffs, pursuant to Indiana Code § 26-1-9.1-626.

33. Plaintiffs are entitled to $500 each in statutory damages pursuant to Indiana Code § 26-1-9.1-625(e)(5), as defendants' failure to comply with Indiana Code § 26-1-9.1-616 was part of a pattern or practice of noncompliance.

WHEREFORE, plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (Against Defendant BMW Financial for Promissory Estoppel)

34. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

35. Defendant BMW Financial promised plaintiffs in writing that they could reinstate their contract within 30 days after repossession by paying the past due amounts and the repossession fee.

36. Plaintiffs reasonably relied on this promise.

37. Defendant BMW Financial breached the foregoing promise by denying plaintiffs the ability to reinstate their contract.

38. Plaintiffs have been damaged by their reliance on defendants' promises, and are entitled to recover damages in an amount according to proof.

## FIFTH CAUSE OF ACTION
### (Against All Defendants for Conversion)

39. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

40. Plaintiffs were entitled to immediate possession of their vehicle when it was repossessed by defendants. Defendants were not entitled to breach the peace in order to repossess the vehicle.

41. Defendants wrongfully deprived plaintiffs of possession of their vehicle by repossessing it in breach of the peace.

42. Plaintiffs have suffered and are entitled to recover damages for defendants' conversion.

43.     Defendants acted willfully and wantonly, with malice, oppression, and/or fraud towards plaintiffs, thereby entitling them to an award of punitive damages.

WHEREFORE, plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated:  September 25, 2017        Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:  _____/s/_____
     Alexander B. Trueblood

Attorneys for Plaintiffs
QUENETTE WALTON AND
FRITZGERALD CHARLES

7

COMPLAINT